**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

**BOARD OF COMMISSIONERS OF
THE PORT OF NEW ORLEANS,
    Plaintiff**

**CIVIL ACTION**

**VERSUS**                                   **No. 11-2899**

**NEW ORLEANS TERMINAL, LLC, et al.,
    Defendants**

**SECTION "E"**

**ORDER AND REASONS**

Before the Court is a motion to dismiss filed by defendant Fitorio Shipping Co., Ltd ("Fitorio").[1] Plaintiff Board of Commissioners of the Port of New Orleans ("Board") opposes Fitorio's motion.[2] Fitorio filed a reply to the Board's opposition,[3] which prompted a surreply by the Board.[4] For the following reasons, Fitorio's motion is **DENIED**.

**BACKGROUND**

Plaintiff Board of Commissioners of the Port of New Orleans is a political subdivision in Louisiana, charged with the regulation and promotion of maritime trade and commerce of the port and harbor of New Orleans.[5] Fitorio is the owner of the M/V SEABOARD PERU (the "vessel"), a cargo ship originating from Cyprus.[6] On December 21, 2009, Fitorio

---

[1] R. Doc. 64.

[2] R. Doc. 65.

[3] R. Doc. 69.

[4] R. Doc. 72.

[5] R. Doc. 60, p. 1. The Board's Fourth Amended and Restated Complaint

[6] R. Doc. 60, p. 2.

1

chartered the vessel to Seaboard Marine Ltd. ("Seaboard").[7] On November 3, 2010, Seaboard applied for berth at Napoleon A wharf in New Orleans seeking to offload cargo.[8] The application identified Ceres Gulf, Inc. ("Ceres") as the stevedore responsible for unloading the vessel.[9] On November 6, 2010, New Orleans Terminals, LLC ("NOT"), as agent for Seaboard, placed an order to use the Board's Container Crane No. 4 in order to unload containers from the vessel.[10] On November 7, 2010, the boom of the Board's Crane No. 4 ("the Board's crane") came into contact with the vessel's crane causing damage to the Board's crane.[11] The Board alleges the accident caused substantial damage to the Board's crane, resulting in over $4 million in repairs and lost revenue.[12]

The Board filed suit against Seaboard, Ceres, NOT, Beihl (an "agent" of the vessel), and AGCS Marine Insurance Company, NOT's insurer, seeking to recover repair costs for the Board's crane and damages for lost revenue associated with the Board's inability to lease its crane during repair efforts.[13] The Board claimed Seaboard, Biehl, and NOT agreed to assume liability for any damage resulting from operation of the Board's crane under Tariff No. 2 which was incorporated in the agreement to use its crane ("Crane No. 4

---

[7]R. Doc. 60, p. 2.

[8]R. Doc. 60, p. 3.

[9]R. Doc. 60, p. 3.

[10]R. Doc. 60, p. 3.

[11]R. Doc. 60, p. 3- 4.

[12]R. Doc. 60, p. 4.

[13]R. Doc. 1-1. Defendant Beihl was added as a defendant in the Board's Second Amended Complaint (R.Doc. 13).

Agreement").[14] The Board also asserted a tort claim against NOT and Ceres.[15] Seaboard and Biehl both moved to dismiss the Board's claims against them.[16] The Court allowed the Board to amend its complaint to address issues raised by Seaboard's motion to dismiss, but granted Beihl's motion to dismiss.[17]

On November 29, 2012, the Board filed its Third Amended Complaint to cure the deficiencies Seaboard noted in its motion to dismiss.[18] The Court granted the Board leave to file its Fourth Amended Complaint on April 12, 2013.[19] The Board alleged, for the first time, that Fitorio provided a crew to Seaboard to assist in driving the shipboard cranes.[20] The Board also alleged the agreement allowing Seaboard to use the Board's crane (which incorporates the tariff) also binds Fitorio.[21] Based on the tariff, the Board claims Fitorio, as owner of the vessel, also agreed to assume liability for losses resulting from operation of the Board's crane.[22] Additionally, the Board alleges Fitorio is liable in tort for contributing to the damage to the Board's crane by storing the vessel's crane boom unusually high, causing the Board's crane to strike it.[23]

---

[14] R. Doc. 1-1, p. 11.

[15] R. Doc. 1-1, p. 12.

[16] R. Doc. 16, R. Doc. 21.

[17] R. Doc. 41.

[18] R. Doc. 44.

[19] R. Doc. 60.

[20] R. Doc. 60, p. 3.

[21] R. Doc. 60, p. 6.

[22] R. Doc. 60, p. 6.

[23] R. Doc. 60, p. 6.

Fitorio moves to dismiss the Board's claims under Federal Rule of Civil Procedure 12(b)(6) based on three grounds - prescription under Louisiana law, the maritime doctrine of laches, and because the complaint alleges the Ceres employee caused the Board's crane to hit the vessel's crane.[24] The Board opposes Fitorio's motion on all three grounds.[25] Under Federal Rule of Civil Procedure 12(b)(6), only Fitorio's claim that the Ceres employee is solely at fault is of the type ordinarily brought in a motion to dismiss. Prescription and laches are affirmative defenses required to be raised in a responsive pleading under Rule 8(c). Nevertheless, the Fifth Circuit has recognized, "a complaint that shows relief to be barred by an affirmative defense, such as the statute of limitations, may be dismissed for failure to state a cause of action." *Kaiser Aluminum v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). "When a successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate." *Kansa Reinsurance Company, Ltd. v. Congressional Mortgage Corporation of Texas, et al.*, 20 F.3d 1362, 1366 (5th Cir. 1994)(citing *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).

## LAW AND ANALYSIS

### A. Prescription under Louisiana Law

This lawsuit was removed from state court on the basis of both diversity jurisdiction

---

[24]Fitorio argues the Board's claim is in tort and was filed nearly two and a half years after the incident occurred - long after the accrual of the one-year prescriptive period for tort actions in Louisiana. Fitorio also argues if general maritime law applies, the doctrine of laches should extinguish the Board's claim as untimely. Alternatively, Fitorio argues the Board's claim should be dismissed because the Board has failed to allege sufficient facts to state a claim for relief. *See* R. Doc. 64.

[25]The Board responds by arguing its action against Fitorio is timely because its claims under the tariff are subject to a ten year prescriptive period which has yet to run. The Board also argues its claim in tort is timely because it timely filed suit against parties who are joint tortfeasors with Fitorio, interrupting prescription against Fitorio. The Board also asserts, if general maritime law applies, there are not enough facts to justify an application of laches and Fitorio has not been prejudiced. Finally, the Board urges it has alleged sufficient facts to state a cause of action against Fitorio under the tariff and in tort. *See* R. Doc. 65.

under 28 U.S.C. §1332 and federal admiralty and maritime jurisdiction under 28 U.S.C. § 1333.[26] Although Fitorio's arguments are primarily based on Louisiana's prescription laws, the Court must first determine whether state law or federal law governs.

A federal court sitting in diversity jurisdiction must apply the substantive state law of the state in which it sits. *See Erie v. Tompkins*, 304 U.S. 64, 71-77 (1938). If jurisdiction were based solely on diversity, Louisiana tort and contract laws would govern the Board's claims against Fitorio, and Louisiana's prescriptive periods would determine the merits of Fitorio's motion to dismiss. *See Flour Engineers & Constructors, Inc. v. Southern Pacific Transp. Co.*, 753 F.2d 444, 448 (5th Cir. 1985) (a federal court sitting in diversity must apply a state's statute of limitations to state law claims).

But the defendants also removed this case pursuant to 28 U.S.C. § 1333 because the Board's claim involved a maritime tort occurring while the vessel was being unloaded. Under the Extension of Admiralty Jurisdiction Act, "[t]he admiralty and maritime jurisdiction of the United States shall extend to all cases of damage or injury, to person or property, caused by a vessel on navigable water, notwithstanding that such damage or injury be done or consummated on land." 46 U.S.C. § 30101. In determining whether a court should apply maritime law to a case, a court "first, must assess the general features of the type of incident involved, to determine whether the incident has a potentially disruptive impact on maritime commerce. Second, a court must determine whether the general character of the activity giving rise to the incident shows a substantial relationship to traditional maritime activity." *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock*

---

[26]R. Doc. 1-1. Defendants also removed the case pursuant to 28 U.S.C. § 1337 because the maritime tariff is a matter that affects commerce.

*Co.* 513 U.S. 527, 534 (internal quotation marks and citations omitted). Given the facts alleged in the Board's complaint, the activity giving rise to the incident (unloading cargo from a vessel) bears a substantial relationship to maritime activity, and the damage to the Board's crane had a disruptive impact on maritime commerce. Maritime law applies.

Because the Court has admiralty jurisdiction over this case, it must apply substantive maritime law. *See Preston v. Frantz*, 11 F.3d 357, 358 (2d Cir. 1993); *see IMTT-Gretna v. Robert E. Lee SS*, 999 F.2d 105, 106 (5th Cir. 1993) ("If a claim based upon a maritime tort is asserted in a suit brought under the admiralty jurisdiction of the federal district courts, ... the fact that diversity jurisdiction also can be alleged as a basis of subject matter jurisdiction is of no moment. Moreover, both the procedural aspects and the substantive features of a maritime tort action under federal admiralty jurisdiction will be governed by federal law."). Because federal maritime law governs the Board's claims, the Court must look to federal law to determine whether the Board's claims against Fitorio are timely, and whether Fitorio's motion to dismiss has merit.

## B. Laches

Fitorio also argues that claims against it should be dismissed under Rule 12(b)(6) based upon the maritime doctrine of laches. Laches is an affirmative defense under Rule 8(c). The federal maritime concept of laches is an equitable doctrine entrusted to the discretion of the trial court which must determine whether a party's delay in bringing a claim should bar the suit. *See Mecom v. Levingston Shipbuilding Co.*, 622 F.2d 1209, 1215 (5th Cir. 1980). Because laches is an equitable doctrine, it cannot be determined solely by a mechanical application of an analogous statute of limitations. *See Gardner v. Panama R.R. Co.*, 342 U.S. 29, 31 (1951). Instead, the Fifth Circuit imposes a three-part test to

analyze the strength of a laches defense: (1) whether there was delay in asserting a claim; (2) whether the delay was excusable; and (3) whether the delay resulted in undue prejudice to the party against whom the claim is asserted. *See West Wind Africa Line, Ltd. v. Corpus Christi Marine Services, Co.*, 834 F.2d 1232, 1234 (5th Cir. 1988). The existence of laches is a question of fact to be decided by the court after weighing the equities as they appear from the facts of each case. *McDaniel v. Gulf & South American Steamship Co.*, 228 F.2d 189 (5th Cir. 1955).

Although a complaint may be dismissed under Rule 12(b)(6) when it shows relief is barred by an affirmative defense, that defense must appear on the face of the pleadings. *See Kaiser Aluminum v. Avondale Shipyards Inc.*, 677 F.2d at 1050; *Kansa Reinsurance Co., Ltd. v. Congressional Mortgage Corp. of Texas, et al*, 20 F.3d at 1366. When ruling on a 12(b)(6) motion, the Court may look only to the allegations in the pleadings. *See, e.g. Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The issues of inexcusable delay and prejudice raised in Fitorio's claim of laches necessitate a fact intensive inquiry, well beyond the face of the pleadings. It is inappropriate for the Court to decide the issue of laches in this case via a motion to dismiss. *See Union Pacific Railroad Company v. Dunham Price Marine, et al.*, 2008 U.S. Dist. LEXIS 62242 *12 (W.D. La. 2008). There has been no evidence submitted by Fitorio to show that there are no disputed issues of fact with respect to the excusable, or not, nature of the delay in naming Fitorio or any prejudice that resulted. Based on the pleadings and arguments of the parties it appears there are disagreements with respect to the facts. In any event, a Rule 12(b)(6) dismissal on the basis of laches is not warranted under these circumstances.

### C. Failure to State a Claim

Alternatively, Fitorio moves to dismiss the Board's claims against it for failure to state a claim, arguing the Board has not alleged sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly* 550 U.S. at 570. Fitorio asserts the Board's complaint only states a cause of action against Ceres and Ceres' employee for causing the Board's crane to strike the vessel's crane.[27] According to Fitorio, because the Board's complaint alleges Ceres' employee caused the Board's crane to contact the vessel's crane, only Ceres may be held liable.[28]

Rule 12(b)(6) provides for dismissal of a claim if the claimant fails to set forth a factual allegation in support of its claim that would entitle it to relief. *See, e.g. Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor* 503 F.3d 397, 401 (5th Cir. 2007). Those factual allegations "must be enough to raise a right to relief above the speculative level." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)(quoting *Twombly*, 550 U.S. at 555). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the non-moving party, *Lormand v. U.S. Unaired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009), but the Court need not accept as true legal conclusions couched as factual

---

[27]R. Doc. 60, p. 3.

[28]R. Doc. 64-1, p. 10.

8

allegations. *Iqbal*, 556 U.S. at 678.

Accepting the Board's allegations as true, the Board has alleged sufficient facts to state a claim for relief against Fitorio that is plausible on its face. The Board alleges Fitorio was required to provide Seaboard with a crew aboard the vessel and the crew was to assist in driving the cranes on the vessel.[29] The Board has alleged that Fitorio also is liable because its employee stored the vessel's crane too high.[30] Contrary to Fitorio's arguments, the Board's allegations against Ceres do not necessarily absolve Fitorio of responsibility. Furthermore, the Board sufficiently alleges a contractual claim against Fitorio based on Tariff No. 2.

### CONCLUSION

For the foregoing reasons, Fitorio's Motion to Dismiss is **DENIED**.

New Orleans, Louisiana, this __31st__ day of October, 2013.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[29]R. Doc. 60, p. 3.

[30]R. Doc. 60, pp. 4, 6.

9